IN MATTER OF ESTATE OF MATTHES.

(Decided October 7, 1940.)

*Mr. William E. Didelius* and *Mr. Thomas E. Croke,* for appellant.

*Messrs. Flynn, Frohman, Buckingham, Py & Kruse,* for appellee.

LLOYD, J. Hannah Matthes, a resident of Sandusky, Ohio, and a member of "First Church of Christ Scientist" of that city, died on July 6, 1938. William E. Didelius is the duly appointed, qualified and acting administrator *de bonis non,* with the will annexed, of her estate. On September 11, 1939, the church demanded of the administrator that he deliver to it the passbook of savings account No. 10707 in the Third National Exchange Bank of Sandusky. The demand was refused and thereupon, on January 28, 1940, the church filed its application in the Probate Court asking that the amount of this account, $690.19, be stricken from the inventoried assets of the decedent's estate and that the administrator be ordered to deliver to it the passbook, evidencing the account. The application was granted by the Probate Court and, that court overruling his motion for a new trial, the administrator appeals to this court on questions of law.

The account No. 10707 was opened by Hannah Matthes on September 18, 1915, in the name of "First Church of Christ Scientist Building Fund." The last deposit therein was made October 7, 1929. She authorized and directed the bank to honor only withdrawals from the account made by herself, as follows:

"10707

"Office of First Church of Christ Scientist.
"First Church of Christ Scientist Bldg. Fund.
"To the Third National Exchange Bank,
"Sandusky, Ohio.

"Below please find duly authorized signatures which you will recognize in payment of funds or the transaction of other business on our account.
"Respectfully yours
"Hannah Matthes
"Date 9/17/15                    Sav. 10707
"Address 603 Decatur Street."

Subsequent to the initial deposit of $30, many de-

posits were made in this account, ranging in amounts from $10 to $553.51, the major number thereof being less than $50. The aggregate amount of the deposits approximated $8,500, on which interest of about $280 was paid by the bank. Hannah Matthes withdrew therefrom various amounts at various times, leaving therein at the time of her death the aforementioned balance of $690.19.

Of the eight checks in evidence drawn on this account, seven were to the order of cash, to Hannah Matthes or to bearer, and one to the order of "Time Ctf." for a certificate of deposit for $2,000 payable to Emma Matthes. One of the "to the order of cash" checks for $400 and another for $260, were for Emma Matthes. These checks were all signed "First Church of Christ Scientist, Hannah Matthes" or "First Church of Christ Scientist, by Hannah Matthes."

Hannah Matthes also had a personal account in The Citizens Banking Company of Sandusky, Ohio, and there are in evidence eight checks drawn by her on this account—one for $300 to the order of the treasurer of the church, and one for $100, one for $300, four each for $500, and one for $1,100, to the order of its building fund.

By comparison with the withdrawals from account No. 10707 shown by a statement in evidence of The Third National Exchange Bank, it might perhaps be inferred that the decedent had deposited from time to time in her Citizens bank account withdrawals from account No. 10707.

The treasurer of the church testified that in or after 1925 the decedent was president of the church but as far as she knew had never been treasurer, and that there was no church record of account No. 10707 but that the church records do show that certain amounts, aggregating $3,330.25, were received from Hannah Matthes and entered as contributions, and that other amounts received were recorded as contributions and

collections without any designation of the source thereof. This account No. 10707 was not carried on the records of the church, nor is there any evidence that the church had ever given Miss Matthes any funds for deposit or that it or any of its officers had knowledge of the account or knew from what source the deposits therein were received; nor is there any evidence that Hannah Matthes was an agent of the church for any purpose, nor any as to her financial condition when the account was opened and when the several deposits therein were made, nor any evidence that the account represented contributions by others for the benefit of the church.

The record discloses no facts upon which to base a finding in favor of the church that the account represented church funds or was a trust fund or a gift. Such withdrawals therefrom as were given to the church were gifts, but the balance therein, so far as the evidence shows, belonged to Hannah Matthes, and is a part of her estate.

This conclusion requires a reversal of the judgment of the Probate Court and the entry of a final judgment for the appellant administrator.

*Judgment reversed and*
*final judgment for appellant.*

CARPENTER and OVERMYER, JJ., concur.